# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

OLIVIA COLEY-PEARSON,

      Plaintiff,

    v.

EMILY MISTY MARTIN,
aka MISTY HAYES,
    in her official capacity and
    individually,

JOE STEWART,
    in his official capacity and
    individually,

ROBERT SPRINKLE,
    in his official capacity and
    individually,

SHANE EDMISTEN,
    in his official capacity and
    individually,

COFFEE COUNTY, by and through
the COFFEE COUNTY BOARD OF
ELECTIONS,

THE CITY OF DOUGLAS,

      Defendants.

CIVIL ACTION

NO. 5:20-CV-_151_____

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

COMES NOW Olivia Coley-Pearson and brings this verified complaint for damages and injunctive relief, showing this Court as follows:

## INTRODUCTION

1.     Plaintiff is the first Black woman to serve on Douglas's City Commission.  She is actively involved in helping people exercise their right to vote in Coffee County, including during the 2021 U.S. Senate run-off elections scheduled for January 5, 2021.

2.     On October 27, 2020, Plaintiff was driving voters to the polls to vote in Coffee County, Georgia, during the general election for state and federal offices.  That morning, Sergeant Joe Stewart of the City of Douglas Police Department arrived at the Coffee County Board of Elections, where early voting was taking place, and was asked to ban Plaintiff from the premises by elections supervisor Emily Misty Martin.  Stewart then issued a Criminal Trespass Warning to Plaintiff, banning Plaintiff from "any polling place that is controlled by the Coffee County Board of Elections during the time of voting or any other Board of Elections business," to include any property "being lawfully used by the board."  Elections Supervisor Emily Misty Martin also told Plaintiff that she was banned.

3.     While in the parking lot in front of the Board of Elections at 224 West Ashley Street, Plaintiff was arrested and charged with criminal trespass, allegedly in violation of O.C.G.A. § 16-7-21.

4.     As a result of the Criminal Trespass Warning, Plaintiff is unable to assist people in need of assistance from casting ballots in Coffee County during the January 2021 run-off election.  Plaintiff wants to assist people who need assistance to ensure that all qualified voters in Coffee County can cast a ballot, but the vague and overbroad Criminal Trespass Warning can be interpreted not only to prevent Plaintiff from driving a prospective voter to the polls and waiting in the parking lot, but even to bar her from in-person voting as an eligible voter.

5.     Plaintiff brings this action for damages and injunctive relief on the basis of her Criminal Trespass Warning, which broadly bars her from participation in state and federal elections in violation of the First Amendment and Georgia law, including the very act of in-person voting.  She does not at this time challenge her unlawful arrest without legal justification in violation of the First and Fourth Amendment and Georgia law, as those charges are pending.

## JURISDICTION AND VENUE

6.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned constitutional and statutory provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear claims arising under state law pursuant to 28 U.S.C. § 1357.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1392(b) because the claim arose in Douglas, Georgia, which is situated within the district and divisional boundaries of the Waycross Division of the Southern District of Georgia.  Further, Defendants City of Douglas and Coffee County are located in this district and division.

## PARTIES

8.      Plaintiff Olivia Coley-Pearson is a resident of the State of Georgia.

9.      Defendant Emily Misty Martin is the elections supervisor for the Coffee County Board of Elections.  At all relevant times, Emily Misty Martin acted under color of state law.

10.     Defendant Joe Stewart is a sergeant with the City of Douglas Police Department.  At all relevant times, Joe Stewart acted under color of state law.

11.     Defendant Robert Sprinkle is an investigator with the City of Douglas Police Department.  At all relevant times, Robert Sprinkle acted under color of state law.

12.     Defendant Shane Edmisten is the chief of police of the City of Douglas Police Department.  At all relevant times, Shane Edmisten acted under color of state law.

13.     Defendant Coffee County by and through the Coffee County Board of Elections ("County") is a body corporate and politic and subdivision of the

State of Georgia, duly established, and at all relevant times the County acted under color of state law.

14.     Defendant City of Douglas ("Douglas" or "City") is a body corporate and politic and a political subdivision of the State of Georgia, duly established under its laws and Constitution.  At all relevant times, Douglas acted under color of state law.

## FACTUAL ALLEGATIONS

15.     Plaintiff was the first Black woman elected to Douglas's City Commission, a position she held for two decades.  She is a longtime outspoken advocate for the Black community in Douglas, Georgia, and has fought for the equal right to vote and equal access to the polls throughout her life in Douglas.

16.     In 2016, based upon allegations initiated by Defendant Martin, Plaintiff was charged with four felonies based upon conduct allegedly occurring during the 2012 election, including false claims that she illegally assisted elderly/illiterate voters.  Three of the four counts were dismissed before trial.  A jury acquitted Plaintiff of the final count after deliberating for approximately twenty minutes.  Defendant Martin did not testify against Plaintiff at that trial in part because, according to a *Brady* disclosure made by the prosecutor to undersigned counsel Mark Loudon-Brown (who was the defense attorney in the

criminal case), Defendant Martin had recently been reprimanded by her employer for job-related misconduct.

17.     On the morning of October 27, 2020, Plaintiff was again assisting an illiterate voter during the early voting period in Coffee County, something which the law allows her to do.  Defendant Martin began yelling at Plaintiff and told her that she was banned from the polling site, even though she was not banned and had received no notice of being banned.  Defendant Martin then summoned the police.

18.     When Plaintiff drove another prospective voter to the polling place later that same morning, Defendant Martin again summoned the police. Defendant Joe Stewart, a sergeant in the City of Douglas Police Department, met Plaintiff in the parking lot of the Board of Elections at 224 West Ashley Street in Douglas.  Defendant Stewart presented Plaintiff with a written Criminal Trespass Warning, purporting to indefinitely ban her from 224 West Ashley Street, as well as "any polling place that is controlled by the Coffee County Board of Elections during the time of voting or any other Board of Elections business," including any property "being lawfully used by the board."  The Criminal Trespass Warning is attached hereto as Exhibit A.

19.     Defendant Robert Sprinkle, an investigator with the City of Douglas Police Department, assisted Defendant Stewart with authoring the Criminal Trespass Warning.

20.     Defendant Sprinkle discussed the Criminal Trespass Warning with Defendant Stewart prior to its issuance, including the reasons for issuing the Criminal Trespass Warning. Defendant Sprinkle agreed with Defendants Stewart and Martin that the Criminal Trespass Warning should issue, and he facilitated the same.

21.     The Criminal Trespass Warning was issued without legal cause and in violation of the laws and constitution of the United States and State of Georgia, including the Voting Rights Act.

22.     The Criminal Trespass Warning purporting to bar Plaintiff was issued by the City of Douglas and is the official policy of the City of Douglas.

23.     The Criminal Trespass Warning purporting to bar Plaintiff was also issued by Coffee County and is the official policy of Coffee County.

24.     Prior to issuing the Criminal Trespass Warning, Defendant Stewart verified that a majority of the Coffee County Board of Elections, as well as Coffee County Attorney Tony Rowell, wanted to issue the Criminal Trespass Warning.

25.     A majority of the Coffee County Board of Elections and the County Attorney decided, in an impromptu non-public meeting, to bar Plaintiff from all elections related property.

26.     Defendant Shane Edmisten, the Douglas chief of police, assisted Defendant Stewart with verifying that the Coffee County Board of Elections wanted Plaintiff banned and facilitated and supervised Defendant Stewart's issuance of the Criminal Trespass Warning.

27.     Defendant Edmisten was aware of all of the material facts related to the Criminal Trespass Warning, agreed with those reasons, and was an active participant in causing the Criminal Trespass Warning to issue.

28.     Defendant Stewart issued the Criminal Trespass Warning.

29.     Defendant Martin and the County control the property at 224 West Ashley Street and told Plaintiff that she is banned.

30.     Plaintiff was then arrested while in the parking lot of the Board of Elections for allegedly failing to leave the premises "after the lawful instruction of Board of Elections supervisor, Misty Martin, and Sgt. Joe Stewart."  The citation issued to Plaintiff is attached hereto as Exhibit B.

31.     The Criminal Trespass Warning that purports to ban Plaintiff is indefinite in its operation.

32.     Plaintiff, as a Douglas City Commissioner, has reasons, beyond those of a citizen, to visit and exercise her constitutional rights at the location for which she is barred, including, but not limited to: assisting constituents with complaints, monitoring performance of government operations, and communication with and on behalf of constituents and Douglas employees.

33.     Plaintiff is a lawfully registered voter in Coffee County who desires to cast an in-person vote and assist voters during the coming January 2021 run-off elections.

34.     Plaintiff reasonably believes and fears that she will be arrested and prosecuted should she drive prospective Coffee County voters to the polls or otherwise assist them with voting during the impending January 2021 run-off election.

35.     Plaintiff reasonably believes and fears that she will be arrested and prosecuted should she attempt to cast her own vote in-person for an election in Coffee County.

36.     Defendants' actions in this case are unlawful and are motivated by a longstanding animus against Plaintiff and are an attempt to intimidate and to suppress the Black vote in Coffee County.

## CLAIMS FOR RELIEF

Count One:

<u>Rights to Vote, Freedom of Speech, Petition, Association,<br/>Due Process, and Equal Protection</u>

37.     By not allowing Plaintiff to engage in legal and constitutionally protected expression and association under penalty of arrest and criminal prosecution, Defendants have deprived Plaintiff of her rights to free speech, petition, expression, and association, and her right to vote and assist voters, as protected by the First and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraphs V and IX of the Georgia Constitution, and her duties as a public official.

38.     The Criminal Trespass Warning is an indefinite prior restraint of Plaintiffs' rights to vote, speech, petition, and association.

39.     The Criminal Trespass Warning was issued in the unbridled discretion of Defendants, without adequate standards or due process.

40.     The Criminal Trespass Warning is unconstitutionally vague and overbroad as to its scope and impact on a substantial amount of constitutionally protected activity as an elected public official, a politically active citizen, and a voter.

41.     Defendant Martin acted with malice and in retaliation for Plaintiff's successful defense of baseless past prosecutions for similar voter assistance and to deter Plaintiff's assistance of voters of color in particular.

10

42.     The document banning Plaintiff from polling places in Coffee County was issued with the purpose of preventing Plaintiff from participating in the democratic process by assisting needy voters in their attempt to vote in Coffee County during the 2020 election and beyond.  Douglas officials, including Defendants Martin and Stewart, sought to silence Plaintiff because of her viewpoint and because of the racial identities and viewpoints of the people she seeks to help vote.

43.     Plaintiff would not have been banned but for her prior protected speech and actions and her outspoken support for and actions in furtherance of getting out the Black vote in Coffee County.

44.     The order barring Plaintiff violates due process because it was issued without standards, notice, or an opportunity to be heard.

45.     The order barring Plaintiff violates equal protection because its issuance was motivated by race—specifically because Plaintiff is a Black woman who assists Black prospective voters access the polls.

46.     The Criminal Trespass Warning is a policy and practice of Defendants City of Douglas and the Coffee County Board of Elections, and the process for its issuance is likewise a policy or practice of the City of Douglas and Coffee County, through its Board of Elections.

47.     Plaintiff, as someone subjected to an unconstitutional order barring her from participating in the democratic process, seeks declaratory and injunctive relief barring enforcement of the order barring her as it is unconstitutional under the First and Fourteenth Amendments and Article I, Section I, Paragraphs I, II, V, VII, IX, and XIII of the Georgia Constitution.

48.     Plaintiff also seeks actual damages for the infringement upon her protected speech and the resulting silencing and chilling of her expression and right to vote.

<u>Count Two:</u>

<u>Punitive Damages</u>

49.     Defendant Martin acted with retaliatory and malicious motive, conscious indifference, reckless disregard for the consequences of their actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal and Georgia law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

(A)     Assume jurisdiction over this action;

(B)     Award nominal, compensatory, and other damages against Defendants in an amount determined by a jury;

(C)   Award declaratory and preliminary and permanent injunctive relief to prevent future unconstitutional enforcement of the Criminal Trespass Warning as set out herein;

(D)   Award reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable state and federal law; and

(E)   Award such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

Respectfully submitted, this 11th day of December, 2020.

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878
LAW OFFICES OF GERRY WEBER, LLC
Post Office Box 5391
Atlanta, Georgia 31107
(404) 522-0507
wgerryweber@gmail.com

Mark Loudon Brown*
Georgia Bar No. 410986
Jeremy D. Cutting*
Georgia Bar No. 947729
SOUTHERN CENTER FOR
HUMAN RIGHTS
60 Walton Street, NW
Atlanta, GA 30303
(404) 688-1202
mloudonbrown@schr.org

*Pro hac vice forthcoming

Counsel for Plaintiff

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| OLIVIA COLEY-PEARSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | |
| EMILY MISTY MARTIN, | ) | |
| aka MISTY HAYES, | ) | |
|     in her official capacity as | ) | _____ |
|     County elections supervisor and | ) | |
|     individually, | ) | |
| | ) | |
| JOE STEWART, | ) | |
|     in his official capacity as | ) | |
|     a City police sergeant and | ) | |
|     individually, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| COFFEE COUNTY, and | ) | |
| | ) | |
| THE CITY OF DOUGLAS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>VERIFICATION DECLARATION</u>

I, Olivia Coley-Pearson, Plaintiff in the foregoing Complaint, hereby declare and verify, under penalty or perjury, that the facts contained therein are true and accurate to the best of my personal knowledge.

This _4th_ day of December, 2020,

_Olivia Coley Pearson_
Olivia Coley-Pearson, Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for all parties by United States Mail and using the CM/ECF electronic filing system once counsel appears.

DATED: This the 11th day of December, 2020.

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878

LAW OFFICES OF GERRY WEBER, LLC
Post Office Box 5391
Atlanta, GA 31107
404-522-0507
wgerryweber@gmail.com