# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
OLIVIA COLEY-PEARSON,            )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )     CV 520-151
                                 )
EMILY MISTY MARTIN a/k/a         )
MISTY HAYES, in her              )
individual capacity, and         )
COFFEE COUNTY, by and through    )
the COFFEE COUNTY BOARD OF       )
ELECTIONS,                       )
                                 )
    Defendants.                  )
```

## ORDER

Before the Court is Defendants' motion to dismiss, dkt. no. 28. For the reasons stated below, Defendants' motion is **DENIED**.

## BACKGROUND

Plaintiff Olivia Coley-Pearson brings this case against Defendant Emily Misty Martin and Coffee County, by and through the Coffee County Board of Elections ("Coffee County"). Dkt. No. 1. Plaintiff is a commissioner in Douglas, Georgia who is actively involved in assisting people exercise their right to vote in Coffee County. Defendant Martin was, at the times at issue in this lawsuit, an elections supervisor for Coffee County. Dkt. No. 1.

On October 27, 2020, Plaintiff was driving voters to the polls to vote in the general election. Dkt. No. 1 ¶ 2. Plaintiff was

assisting an illiterate voter at a Coffee County polling site that morning when Defendant Martin began yelling at her and told her that she was banned from the polling site. Id. at ¶ 17. Defendant Martin summoned the police. Id.

Sometime soon after, the Coffee County Board of Elections and the County Attorney decided, in an impromptu non-public meeting, to bar Plaintiff from all elections-related property. Id. at ¶ 25. Sergeant Joe Stewart of the Douglas Police Department therefore issued a Criminal Trespass Warning purporting to bar Plaintiff from "any polling place that is controlled by the Coffee County Board of Elections during the time of voting or any other Board of Elections business," including any property "being lawfully used by the board." Dkt. 1-1. The Criminal Trespass Warning was indefinite in its duration and only allowed Plaintiff to come to a polling place to vote, which she had already done. Id.

Later that morning, Plaintiff returned to the same Coffee County polling site to drive another voter to and from the polling site. Dkt. No. 1 ¶ 18. Defendant Martin again summoned the police, and Sergeant Stewart presented Plaintiff with the Criminal Trespass Warning. Id. Defendant Martin told Plaintiff again that she was banned, and Plaintiff was then arrested while in the parking lot of the Coffee County polling site. Id. ¶ 30. Plaintiff does not allege that she attempted to test the enforcement of the Criminal Trespass Warning and visit Coffee County Board of

Elections property after her arrest on October 27.

On December 11, 2020, Plaintiff filed the instant suit seeking damages and injunctive relief based on alleged violations of the First and Fourteenth Amendments and Georgia law.  Dkt. No. 1 ¶¶ 37-48.  Plaintiff also filed a motion for preliminary injunction seeking to enjoin enforcement of the Criminal Trespass Warning. See Dkt. No. 5.  The Court scheduled a hearing on the preliminary injunction for December 21, 2020.  However, on December 17, 2020, the parties filed a stipulation withdrawing Plaintiff's motion for preliminary injunction and stipulating that the Criminal Trespass Warning would not prohibit Plaintiff from accessing any polling place or other property identified in the Criminal Trespass Warning "for any lawful purpose."[1]  Dkt. No. 10.  Defendants did not concede, however, that the Criminal Trespass Warning was unlawful on the day of its issuance.  Id. ¶ 2, n.1.

Plaintiff initially sued the aforementioned Defendants as well as Defendant Martin in her official capacity, Sergeant Stewart in his official and individual capacities, Robert Sprinkle, an investigator with the Douglas Police Department, in his official and individual capacities, Shane Edmisten, the chief of police of the Douglas Police Department, in his official and individual

---

[1] To clarify, the 2020 General Election was held on November 3, 2020, and early in-person voting for the January 2021 runoff began on December 14, 2020.  Thus, the Criminal Trespass Warning was in effect while voting was open from October 27-November 3 and from December 14-17.

capacities, and the City of Douglas.  Dkt. No. 1.  Plaintiff thereafter voluntarily dismissed Defendants City of Douglas, Joe Stewart, and Shane Edmisten from the case.  Dkt. No. 38.  Her claims as to all other defendants remain outstanding.[2]  Id.

Before the Court is Defendants' motion to dismiss, dkt. no. 28.  Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of Plaintiff's claims.  Id.  Defendant argues that Plaintiff lacks Article III standing because the complaint does not allege an injury-in-fact and because Plaintiff's claims are not yet ripe for review under Article III.  Id.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain

---

[2] Martin was dismissed from the Coffee County Board of Elections, and therefore Plaintiff is only pursuing claims against Martin in her individual capacity.  Dkt. No. 35 at 1 n.1.

4

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

And while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Lastly, the Court notes that exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

Under Article III of the U.S. Constitution, a federal court's subject-matter jurisdiction is limited, and only extends to actual

5

"cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. The doctrine of Article III standing arises directly out of this requirement, and thus is "a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Dillard v. Baldwin Cty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000) (internal citations omitted). "[S]tanding is 'perhaps the most important' jurisdictional doctrine . . . and, as with any jurisdictional requisite, [this Court is] powerless to hear a case when it is lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Bischoff v. Osceola Cty., 222 F3.d 874, 877-78 (11th Cir. 2000)).

As explained below, Plaintiff's allegations in her complaint, taken as true, allege a sufficiently concrete and particularized injury-in-fact which is ripe for review. Accordingly, the motion to dismiss must be **DENIED**.

I. **Plaintiff alleges a sufficiently particularized injury-in-fact.**

The core elements of Article III standing are 1) an injury-in-fact, 2) a causal connection between the injury and the conduct complained of, making the injury fairly traceable to the defendant's conduct, and 3) a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). Defendant does not contest the causation and redressability aspects of Plaintiff's complaint, so

6

the only issue is whether Plaintiff's complaint alleges a sufficient injury-in-fact.

To satisfy the injury-in-fact requirement, the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" Bochese, 405 F.3d at 980 (quoting Lujan, 504 U.S. at 560-61).

At issue here is whether Plaintiff alleged an injury-in-fact occurring between the time Defendants banned Plaintiff on October 27 and when the joint stipulation was entered on December 17. Defendants argue that between Plaintiff's arrest and the joint stipulation, there is nothing in the complaint showing Plaintiff made an effort to test the Criminal Trespass Warning and suffer any actual injury. Dkt. No. 28 at 11. They explain that Plaintiff's failure to 1) plead that she "attempted to assist someone with voting in the run-off election and was somehow precluded from doing so," and 2) "allege an unambiguous intention 'at a reasonably foreseeable time'" to drive voters to polling locations shows she does not satisfy Article III standing. Id. at 12. However, a careful reading of the Complaint shows that it alleges sufficient facts to establish standing.

Plaintiff's complaint alleges two confrontations on October 27: 1) assisting an illiterate voter, for which Defendant Martin yelled at her and banned her, dkt. no. 1 at ¶ 17, and 2) attempting

7

to assist another voter by driving the voter to and from the polling place, id. at ¶ 18. Plaintiff was in the process of helping this voter when the alleged injury took place: Sergeant Stewart presented her with the Criminal Trespass Warning, told her she needed to leave, and—before Plaintiff could finish assisting this voter by giving them a ride back—arrested her. Id. at ¶¶ 18, 24-33. This second incident alleges an instance in which Defendants interfered with Plaintiff's right to assist voters in voting, as driving a voter to a polling site brings with it a necessary obligation to avoid leaving the voter stranded. The First Amendment protects such activities as expressive conduct, and as such this alleged interference is an invasion of a legally protected interest. See, e.g., Meyer v. Grant, 486 U.S. 414, 421-22 (finding "interactive communication concerning political change [ ] is appropriately described as 'core political speech'" in the context of petition circulation); League of Women Voters of Fla. v. Cobb, 447 F. Supp. 2d 1314, 1331-34 (S.D. Fla. 2006) (holding that assisting voters with registration is inherently expressive conduct).

In order to satisfy the injury-in-fact requirement at the motion to dismiss stage, "it may be sufficient to provide 'general factual allegations of injury resulting from the defendant's conduct.'" Fla. Pub. Int. Research Grp. Citizen Lobby, Inc., v. EPA, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting Bischoff, 222

F.3d at 878). Here, taking Plaintiff's allegations as true, the arrest while Plaintiff was in the process of assisting the second voter is enough to allege a concrete invasion of Plaintiff's protected interest in engaging with and assisting voters, as she has a right to do under the First and Fourteenth Amendments. League of Women Voters, 447 F. Supp. 2d at 1334. Defendants' motion to dismiss on this ground is thus **DENIED**.

## II. Plaintiff's claims are ripe for determination.

Defendants next argue that Plaintiff's complaint should be dismissed because her claims of not being able to vote or assist other voters are not ripe as Plaintiff was not precluded from those activities. Dkt. No. 37 at 14. This, too, ignores the injury Plaintiff alleges she suffered in being arrested while in the process of assisting the second voter, and thus Defendants' motion must be **DENIED** on this ground as well.

Ripeness is an extension of Article III standing: to form a "case" or "controversy," issues before the court must be fit for decision, determining "whether this is the correct time for the complainant to bring the action." Wilderness Soc. v. Alcock, 83 F.3d 386, 390 (11th Cir. 1996). This prudential doctrine is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003) (quoting Abbott Lab'ies v. Gardner, 387

9

U.S. 136, 148-49 (1967)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

Here, Plaintiff's injury is alleged to have already occurred, and so it necessarily follows that determining whether Coffee County's and Defendant Martin's actions were against the law or not is fit for "judicial decision." Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 733 (1998). Plaintiff alleges that she was arrested while in the process of helping a voter exercise the right to vote, and as a result of the indefinite Criminal Trespass Warning she was prevented from helping other prospective voters from October 27 through November 3 and from December 14 through 17. Dkt. No. 1 at ¶¶ 18, 24-33. The fact that the parties now agree that Plaintiff can return to the Coffee County polls for lawful activity does not impact whether those past acts were lawful. Taking Plaintiff's allegations as true, the Court finds the dispute is ripe. As such, Defendants' motion to dismiss on this ground is also **DENIED**.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, dkt. no. 28, is **DENIED**.

**SO ORDERED** this 13th day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA