UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| OLIVIA COLEY-PEARSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 5:20-cv-151 |
| | * | |
| EMILY MISTY MARTIN, | * | |
| aka Misty Hayes, individually; | * | |
| and COFFEE COUNTY, by and | * | |
| through the COFFEE COUNTY BOARD | * | |
| OF ELECTIONS; | * | |
| Defendants. | * | |

**DEFENDANTS MISTY MARTIN AND COFFEE COUNTY'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW Emily Misty Martin a/k/a Misty Hayes[1] and Coffee County, by and through the Coffee County Board of Elections (collectively "Defendants") and file this their Answer and Defenses, as follows:

**FIRST DEFENSE**

The allegations in Plaintiff's Complaint fail to state a claim upon which relief may be granted against Defendants.

**SECOND DEFENSE**

Plaintiff's Complaint constitutes an impermissible "shotgun pleading" and should be striken and recast as it does not afford the adversarial party and the court the ability to discern Plaintiff's individual claims and the facts supporting each claim. *See* Fed.R.Civ.Pro. 8(a)(2);

---

[1]Plaintiff is only pursuing claims against Martin in her individual capacity. *See* Dkt. No. 35 at 1, n.1; Dkt. No. 41, at 4.

1

*Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)(*citing Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy' and the court.")). Plaintiff's Complaint constitutes a "shotgun pleading" because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action,"[2] it does not separate "each cause of action or claim for relief" into a different count,[3] and it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against."[4]

## THIRD DEFENSE

Plaintiff's claims against Defendant Martin are barred by the doctrines of qualified immunity and/or official immunity.

## FOURTH DEFENSE

Plaintiff's claims fail because probable cause or arguable probable cause justified the issuance of the referenced Criminal Trespass Warning and Plaintiff's banishment from the property.

## FIFTH DEFENSE

Some or all of Plaintiff's claims fail due to lack of personal participation in the action complained of by Plaintiff.

---

[2] *Id.* at 1322.

[3] *Id.* at 1323.

[4] *Id.*

**SIXTH DEFENSE**

The claims and allegations in Plaintiff's Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional violation.

**SEVENTH DEFENSE**

Defendants show that, under all of the facts and circumstances, the challenged conduct did not violate any clearly established constitutional right of which a reasonable state actor or official would have known, and was further objectively reasonable.

**EIGHTH DEFENSE**

Plaintiff's First Amendment claims are barred to the extent Plaintiff was not engaging in constitutionally protected speech, and because no retaliatory conduct occurred or adversely affected that speech, and because no causal connection exists between Defendants' alleged conduct and any alleged adverse affect on Plaintiff's speech.

**NINTH DEFENSE**

Defendant Martin did not act with actual malice and, thus, all state law claims, to the extent any are alleged, are barred.

**TENTH DEFENSE**

To the extent as may be shown by the evidence through discovery or at trial and in order to preserve said defenses pending further investigation and discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory and comparative negligence, failure of plaintiff to exercise ordinary care for his own safety, failure of plaintiff to avoid consequences, failure to mitigate damages, estoppel, illegality, laches, last clear chance, res judicata, statute of

limitations, and waiver.

**ELEVENTH DEFENSE**

There is no proximate cause between Plaintiff's alleged injuries and damages and the conduct alleged against these Defendants.

**TWELFTH DEFENSE**

The polling place referenced by Plaintiff is a nonpublic forum subject to content based restrictions on speech and the restrictions placed on Plaintiff were reasonable under the circumstances, thus barring Plaintiff's claims.

**THIRTEENTH DEFENSE**

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery in this matter.

**FOURTEENTH DEFENSE**

In response to each and every specific paragraph and allegation in Plaintiff's Complaint, these Defendants answer as follows:

**INTRODUCTION**

1. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

2. Defendants admit that Plaintiff was at a Coffee County polling location on October 27, 2020 with another voter. Defendants admit that the referenced police officers with the City of Douglas Police Department were also at the same location that day. Defendants admit that Misty Martin requested that Plaintiff be removed from the premises due to her behavior. Defendants admit that Sergeant Stewart issued a criminal trespass warning to Plaintiff.

Defendants show that the language contained on the criminal trespass warning speaks for itself. All remaining allegations that have not been admitted or responded to in the paragraph are denied as stated.

    3.     Admitted.

    4.     Denied, as stated.

    5.     Defendants deny that Plaintiff's causes of action are viable and Defendants deny Plaintiff is entitled to any of her requested relief.

## JURISDICTION AND VENUE

    6.     Defendants deny that Plaintiff's causes of action are viable and Defendants deny Plaintiff is entitled to any of her requested relief.

    7.     Defendants do not contest venue.

## PARTIES

    8.     Upon information and belief, Defendants admit the allegation in this paragraph.

    9.     Defendants admit that Misty Martin was acting under color of state law but deny that she is the current elections supervisor for the Coffee County Board of Elections.

    10.    Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

    11.    Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

    12.    Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

    13.    Admitted.

14. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

## FACTUAL ALLEGATIONS

15. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

16. Upon information and belief and pending further investigation and discovery, Defendants deny as stated the general allegations contained in this paragraph as they are lacking relevant facts and context as to Plaintiff's prior criminal proceeding.

17. Defendants admit only that Plaintiff was at a Coffee County polling location on October 27, 2020 with another voter. Defendants admit that the police were summoned to the location. All remaining allegations contained in this paragraph are denied, as stated.

18. Defendants admit that officers from the City of Douglas Police Department met Plaintiff at the referenced polling location when Plaintiff returned to the polling location with another person. Defendants admit that the officers issued Plaintiff the criminal trespass warning referenced by Plaintiff. Defendants show that the language contained in the criminal trespass warning speaks for itself. Any remaining allegations contained in this paragraph are denied, as stated.

19. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

20. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

21. Denied.

22. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

23. Denied.

24. Pending further information and discovery, Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

25. Pending further information and discovery, Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

26. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

27. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

28. Upon information and belief, Defendants admit the allegations contained in this paragraph.

29. Denied, as stated.

30. Upon information and belief, Defendants admit the allegations contained in this paragraph.

31. Denied.

32. Denied, as stated.

33. Defendants are without sufficient information or knowledge to fully admit or deny the allegations contained in this paragraph, as stated.

34. Denied.

35. Denied.

36. Denied.

## CLAIMS FOR RELIEF

### Count One:

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants deny Plaintiff is entitled to any claimed damages.

### Count Two:

49. Denied.

## ADDITIONAL DEFENSES

50. Any and all remaining allegations that have not been heretofore admitted, denied, or otherwise responded to are hereby denied.

51. Plaintiff is not entitled to any of her requested relief.

WHEREFORE, Defendants pray as follows:

(a) That their Answer and Defenses be inquired into and sustained;

(b) That Plaintiff's Complaint be dismissed, and all relief requested therein be denied;

(c) A trial by jury on all disputed issues of material fact, if any;

(d) For an award of attorneys' fees and costs against Plaintiff;

(e) For any and all other relief this court deems just or proper.

Respectfully submitted, this 27th day of October, 2021.

/s/ Bradley J. Watkins
Bradley J. Watkins
Georgia Bar Number: 740299
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667

bwatkins@brbcsw.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 27th day of October, 2021.

/s/ Brad Watkins
Bradley J. Watkins
Georgia Bar Number: 740299

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

***ATTORNEY FOR DEFENDANTS***